## Cooper's Estate.

*Trusts and trustees—Sale of real estate—Adequacy of price—Power to sell—Auditor's report—Exceptions.*

Exceptions to the report of an auditor upon the account of a substituted trustee appointed by the Orphans' Court for the property of a decedent were properly dismissed where they raised the questions of whether the trustee in making a sale of certain real estate, was acting within the scope of his authority, and the adequacy of the price for which the real estate was sold, where the auditor found on sufficient evidence that the trustee was within his authority and that the sale was made for an adequate price.

Argued May 10, 1916. Appeal, No. 271, Jan. T., 1915, by Josephine C. Browning, from decree of O. C. Del. Co., Docket X, page 335, dismissing exceptions to auditor's report in Estate of Louisa F. Cooper, deceased. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to auditor's report. Before JOHNSON, P. J.

The facts appear from the following extracts from the report of Isaac E. Johnson, Esq., Auditor:

Testatrix, after providing for her just debts and funeral expenses and some small bequests, directs that all the rest, residue and remainder of her estate real and personal shall be divided into six equal parts.

Said will then provides, inter alia, as follows:

"I devise and bequeath one of the remaining shares (one-sixth) to Martin V. Bergen in trust to hold the same, invest it and pay over the income derived therefrom to my daughter Josephine C. Browning during her life, and in trust immediately after her death to pay, transfer and convey the said one-sixth part to her children."

"In case of the death of Josephine, Ralph and Benjamin or either of them without leaving children I direct

the said trustees to dispose of the estate of which they have received the income as those so dying may by will appoint, and in case they should die without a will then to divide the same among those who are entitled to his or her estate under the intestate law."

"I authorize the said trustees respectively should any real estate come to them under this will or in execution of said trust, to sell the same or any part thereof whenever in their opinion it is advisable, and they may do so either at public or private sale and execute and deliver sufficient deeds or conveyances for the same without any liability on the part of the purchaser or purchasers thereof to look to the application of the purchase-money."

"I also authorize them to change the investments from time to time as they see fit."

By a codicil to said will dated the 12th day of May, A. D. 1890, Benjamin B. Cooper was substituted as trustee in the place of Martin V. Bergen. The only purpose of said codicil, as therein stated, being to change the trustee. In all other respects the said trust shall remain as if said codicil had not been made.

It appears from the evidence before your auditor that upon the death of decedent, Benjamin B. Cooper refused to act as trustee, and Charles A. Chase was appointed trustee by your honorable court, in his place. That subsequently he resigned, or was discharged, and A. Morton Cooper was substituted. Mr. Cooper resigned, and John Wesley Moore the present accountant, was appointed trustee in March, 1903.

Prior to the appointment of Mr. Moore as trustee, and while the trust estate here in question was in the hands of a former trustee, it appears that in 1897 there was purchased for said trust estate by the authority of the Orphans' Court of Delaware County, Pennsylvania, a farm in New Jersey known as the Cherry Hill farm for the sum of eight thousand, eighty-six dollars and forty-four cents ($8,086.44) on which a mortgage was placed in favor of Eli W. Browning for five thousand dollars ($5,-

000.00) and the balance of the purchase-price amounting to three thousand, eighty-six dollars and forty-four cents ($3,086.44) was paid in cash out of the funds of said trust, leaving at that time a cash balance in the hands of the then trustee.

In March, 1903, when John Wesley Moore, the present accountant, assumed said trust there came into his hands as trustee from A. Morton Cooper, his predecessor, the sum of twenty-three dollars and seven cents ($23.07) in cash and the Cherry Hill farm subject to the five thousand dollars ($5,000.00) mortgage of Eli W. Browning. (Subsequently he received certain rents with which he has charged himself in his account filed.) At this time the interest was unpaid on the Browning mortgage, the principal was due and foreclosure proceedings had been commenced. The trustee then executed by authority of your honorable court a second mortgage on the Cherry Hill farm for eight hundred dollars ($800.00) to Samuel B. Drinkhouse, the proceeds of which were largely used to pay interest in arrear and other expenses and in preventing the foreclosure of the Browning mortgage.

By virtue of a decree of the Orphans' Court of Delaware County, Pennsylvania, dated January, 1904, John Wesley Moore, trustee, conveyed the Cherry Hill farm to Harold and Maurice Browning in January, 1904, but subsequently on April 19th, 1904, they reconveyed it to him, as will hereafter appear.

In April, 1904, the trustee sold the Cherry Hill farm to Charles Stiles for twelve thousand dollars ($12,-000.00).

The balance in the hands of the accountant as shown by his accounts filed, and which is asked to be distributed is:

Personal property ........................ $18.52
Real Estate .............................. 5,854.19

Total .................................. $5,872.71

An item of ten dollars and twenty-five cents ($10.25) surety fee to the Media Title and Trust Company, claimed as a credit in the personal account, is admitted to be an error, and should be added to the sum of $18.52 making the balance of that account $28.77.

Interest on the deposit in the hands of the trustee has accumulated since the filing of the first accounts, and the trustee has filed two additional accounts with your auditor which are hereto attached and made a part hereof; showing the actual amount for distribution to be six thousand, five hundred eighty-two dollars and ninety-one cents ($6,582.91).

It is agreed by counsel that the item of fifty-one dollars ($51.00) in the present account of the trustee never reached the trustee's possession for reasons which the parties interested all understand, and that the trustee shall not be surcharged with that sum........

Among the exceptions filed was the following:

"3d. The said trustee in violation of his duty under said trust has undertaken to make sale of the real estate being the property of the said trust. Said sale is contrary to the interests of the said trust, and the attempted sale is made at a sum greatly less than the said property is worth and greatly less than the said property can be sold for, and the exceptant is proceeding in the courts of New Jersey to have said sale declared null and void by judicial decree. Therefore, the exceptant repudiates the said sale and filed this exception for the purpose of avoiding being committed to it in any manner whatsoever. Therefore, the exceptant excepts to all of the matters of debit in the principal account and all of the matters of credit in the said account."

At the meeting before your auditor of March 25, 1909, counsel for Mrs. Browning raised the further objection: That if the trustee, acting on his own responsibility, sold and converted the real estate, he did so without petitioning the Orphans' Court for authority and without reporting the fact that the sale was made, to your honora-

ble court, and asking that the same be confirmed, and if he has any funds in his hands that are the proceeds of that sale, there is no possible lawful warrant for the present distribution of that fund.

In the consideration of this last exception and objection, your auditor is of the opinion and so finds, that the trustee in making the sale of Cherry Hill farm to Stiles acted entirely within the scope of his authority, and that the proceeds of said sale are properly before your auditor for distribution.

The evidence does not establish any abuse of discretion, inadequacy of price, or fraud. The sale was made in April, 1904. Mr. Moore assumed the trust (of which said farm was a part) in March, 1903. There was a mortgage against it of five thousand dollars ($5,000.00). The mortgage was due, with interest in arrear, to provide for which and prevent foreclosure a second mortgage of eight hundred dollars ($800.00) was created, and the proceeds so expended. A tenant was in possession at a rental of five hundred dollars ($500) per year, but in September, 1903, the barn was blown down and destroyed. By agreement the tenant's occupancy terminated about December 15, 1903. With the Cherry Hill farm the trustee had received from his successor twenty-three dollars and seven cents ($23.07) in cash. This was the whole of the estate in his hands except five hundred dollars ($500) per year rent from the farm which would cease December 15, 1903. There were debts to be paid, including taxes, interest on the two mortgages, costs of rebuilding the barn amounting altogether to more than he would be able to pay.

On December 16, 1903, the trustee made an agreement with Charles Stiles to convey the Cherry Hill farm to him for twelve thousand dollars ($12,000.00) subject, however, to the confirmation of the Court of Chancery of New Jersey. Application was made to said court for confirmation of this agreement and for authority or direction to the trustee to execute a deed pursuant thereto.

All parties in interest were parties to the record and were before the court and assenting. The application was dismissed April 13, 1904, as appears from the evidence on the ground that the trustee under the terms of the will had ample power to sell. The discretion being in him and not in the court.

Prior to the attempted consummation of this agreement, however, by virtue of an order of the Orphans' Court of Delaware County, Pennsylvania, the trustee had conveyed the title to Harold and Maurice Browning in January, 1904, who proposed to convey to Stiles, but it developed that this court had no power to decree or approve a sale of land in New Jersey (Curtis v. Smith, Admr., &c., of Collins, 6 Blatchfords U. S. C. C. Rep. 537) and Stiles refused to take title unless it came to him from a trustee by appointment of the New Jersey court. A bill was then filed in the Court of Chancery of New Jersey on March 31, 1904, which resulted in a decree of said court dated April 11, 1904, appointing John W. Moore trustee of the said Josephine C. Browning under the last will and testament of the said Louisa F. Cooper, deceased, in the State of New Jersey "as of the 21st day of March, 1904, nunc pro tunc."

Harold and Maurice Browning having reconveyed to the trustee he sold the property to Charles Stiles for $12,-000.00.

There was realized on this sale over and above encumbrances and costs as shown by the supplemental account filed with the auditor and hereto attached, $5,289.36. The amount of the trust funds invested in the property was $3,086.44, resulting in a gain to the trust fund in the hands of the trustee of $2,202.92.

The evidence does not sustain the contention that the sale was contrary to the interests of said trust, or that it was made at a sum greatly less than the said property was worth, or greatly less than the said property could be sold for.

In addition, these very questions have been adjudi-

cated by the Court of Chancery of New Jersey: Browning v. Stiles, 65 Atl. Repr., pages 457-460. In that case Vice-Chancellor LEAMING in an opinion, December 13, 1906, in dismissing the bill filed by Mrs. Browning (the exceptant here) held that the discretion to make this sale was in the trustee, Mr. Moore. That the exercise of his discretion was a legal one. That the amount for which it was sold was not grossly below its value. That such a finding would be utterly without justification, and that no fraud was perpetrated.

The third exception filed on behalf of Mrs. Browning is therefore dismissed. The objection or further exception of counsel on her behalf that there is no fund here for distribution is also overruled and dismissed.

The lower court dismissed the exceptions to the report of the auditor. Josephine C. Browning, appealed.

*Error assigned,* among others, was in dismissing exceptions.

*C. Oscar Beasley,* for appellant.

*V. Gilpin Robinson,* for appellee.

PER CURIAM, May 23, 1916:

Appellant's sixteen assignments of error complain of the court's dismissal of exceptions to the report of the auditor. We have not been convinced that it should be disturbed, and this appeal is, therefore, dismissed at appellant's costs.